**David A. SCHULMAN, Individually and doing business as Case Company, Appellee,**

v.

**HUCK FINN, INC., a Minnesota corporation, et al., Appellants.**

No. 72–1469.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1973.

Decided Feb. 2, 1973.

quist, to consider whether the statutory provisions of 28 U.S.C. § 1338(b), granting a federal district court original jurisdiction over a nonfederal claim of unfair competition when joined with a related federal claim of patent infringement, permit the court to retain jurisdiction of the claim of unfair competition against defendants who are no longer parties to the cause of action for patent infringement. The district court (Judge Larson), 350 F.Supp. 853, retained jurisdiction by denying appellants' motion for dismissal. We affirm the district court.

We take our facts from the allegations of the complaint and unopposed affidavits filed in the action. In essence, plaintiff, Schulman, states that he originated an idea for a float mechanism to be used on pontoons for boats. On a confidential basis, Schulman disclosed the nature of his invention to defendants Solar Plastics, Inc., Solar's president, Donald Berquist, and one Richard Reynolds, for the purpose of arranging for the incorporation of this invention into the production and manufacture of pontoon boats. He advised the three defendants of his intention to apply for a patent. Schulman claims that these defendants formed a new corporation, Huck Finn, Inc., also a defendant in this action, and that all of said defendants conspired to deprive Schulman of the benefits of his invention, for which he subsequently received a patent on October 26, 1971.

Schulman claimed damages and other relief against all defendants for patent infringement in Count I and for unfair competition through misappropriation of trade secrets in Count II. The district court, on motion, dismissed the patent infringement claim against defendants Solar and Berquist on the basis of affidavits showing that Solar had sold its boat production facilities to defendant Huck Finn and ceased producing and selling pontoons or pontoon boats prior to the date of the issuance of the patent to Schulman. The district court, however,

Timothy M. O'Brien, Minneapolis, Minn., for appellants.

Lester L. Sokol, Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and SMITH,* District Judge.

PER CURIAM.

We allowed this interlocutory appeal under 28 U.S.C. § 1292(b) by defendants, Solar Plastics, Inc. and Donald Ber-

---

* Eastern District of Michigan, sitting by designation.

denied the further motion by Solar and Berquist asking dismissal of the remaining unfair competition claim for want of federal jurisdiction.

Thus, in its posture before us, Schulman's complaint alleges claims for both patent infringement and unfair competition against defendants Reynolds and Huck Finn, Inc., but a claim only for unfair competition against defendants Solar Plastics, Inc. and Berquist. Solar Plastics and Berquist, excepting to the court's ruling, sought and received permission to appeal under § 1292(b) challenging the district court's assertion of federal jurisdiction over the unfair competition claim against them.

The issue is one of first impression in this circuit. Section 1338(b) reads:

The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws. [28 U.S.C.A. § 1338(b) (Supp. 1972), amending 28 U.S.C. § 1338(b).]

Appellants contend that the statutory language permits joinder of nonfederal claims only against parties against whom a "related" federal claim has been stated, as in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 972 (1933). See discussion 3A J. Moore, Federal Practice, ¶ 18.07 [1.–2] (2d ed. 1964); W. Barron, The Judicial Code—1948 Revision, 8 F.R. D. 439.

In ruling to the contrary the district court said, in part:

An analysis of the plaintiff's claims in the instant action has convinced this Court that the claim of unfair competition against the two moving defendants is sufficiently related to the patent infringement claim against Reynolds and Huck Finn, Inc., to come within the letter of § 1338(b) to entertain plaintiff's second cause of action against the two moving defendants.

\* \* \* \* \* \*

\* \* \* [A]s an alternative to the holding stated supra—that, even if plaintiff's second cause of action against the two moving defendants does not state a claim of "unfair competition" and thus does not fall within § 1338(b), the Court nevertheless has the power to exercise jurisdiction over these State law claims by virtue of the more general doctrine of pendent jurisdiction.

In this ruling, Judge Larson relied on two decisions of the Second Circuit, Astor-Honor, Inc. v. Grosset & Dunlap, Inc., 441 F.2d 627 (2nd Cir. 1971) (jurisdiction under § 1338(b)), and Leather's Best, Inc. v. S. S. Mormaclynx, 451 F. 2d 800 (2nd Cir. 1971) (pendent jurisdiction).

We agree with the rationale of the district court that as a matter of law under § 1338(b), or as a matter of discretion in the exercise of pendent jurisdiction, the appealing defendants must remain in this federal lawsuit for, as Judge Larson indicated,

\* \* \* [I]t would be an unjustifiable waste of judicial and professional time—indeed, a travesty on sound judicial administration—to allow plaintiff to try his unfair competition claim against Reynolds and Huck Finn, Inc., in Federal court but to require him to prosecute a claim involving precisely the same facts against Berquist and Solar Plastics, Inc., in a State court \* \* \*.

Defendants have cited cases to the contrary on the pendent jurisdiction theory, Hymer v. Chai, 407 F.2d 136 (9th Cir. 1969); Moor v. Madigan, 458 F.2d 1217 (9th Cir. 1972); Patrum v. City of Greensburg, Kentucky, 419 F.2d 1300 (6th Cir. 1969), cert. denied, 397 U.S. 990, 90 S.Ct. 1125, 25 L.Ed.2d 398 (1970); Wojtas v. Village of Niles, 334 F.2d 797 (7th Cir. 1964), cert. denied, 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1965).

We find these precedents inapposite. The general doctrine enunciated in *Hymer, supra*, 407 F.2d at 137, that the doctrine of pendent jurisdiction applies only to joinder of claims, and not to joinder of

parties, has been criticized and rejected by this court in Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 817 (8th Cir. 1969). Without exercising judgment as to the merits of the jurisdictional determinations in the remaining cases, we find them distinguishable on their facts.

We believe that the district court cited sound precedent for its decision, and affirm the order here appealed.