TERRYDALE LIQUIDATING TRUST, as Successor to Terrydale Realty Trust, William Bolton, Commonwealth Holding Co., Oliver R. Grace, Jr., and BCG Associates, Plaintiffs,

v.

John J. GRAMLICH, J. Russell Gramlich, Michael J. Gramlich, James A. Kostoryz, Terrydale Management Corporation, John D. O'Flaherty, J. Harlan Stamper, Thomas J. Murphy, San Francisco Real Estate Investors, Lincoln Tower Building Co., and Subdale Corp., Defendants.

No. 81 CIV 2806 (LBS).

United States District Court,
S. D. New York.

July 29, 1982.

See also, D.C., 540 F.Supp. 822.

Leventritt Lewittes & Bender, Garden City, N.Y., for plaintiffs; Sidney Bender, Garden City, N.Y., of counsel.

Landels, Ripley & Diamond, San Francisco, Cal., for defendant San Francisco Real Estate Investors; Harvey K. Leiderman, San Francisco, Cal., of counsel.

Rogers & Wells, New York City, for defendants; Herbert C. Earnshaw, Rex W. Mixon, Jr., New York City, of counsel.

OPINION

SAND, District Judge.

By Opinion dated January 28, 1982, 540 F.Supp. 822 ("Opinion"), this Court, inter alia, granted the motion to dismiss of San Francisco Real Estate Investors ("SFREI") on the ground of lack of a statutory basis for personal jurisdiction. The Court found that § 27 of the Securities Exchange Act ("the Act"), 15 U.S.C. § 78aa, could not provide a basis for jurisdiction because plaintiffs had neither alleged that SFREI itself had violated the Act nor shown that SFREI had aided and abetted a violation of the Act. The Court emphasized the fact that only a limited aspect of the plaintiffs' federal claims had survived the motions to dismiss for failure to state a claim. Plaintiffs' aiding and abetting claims only referred to SFREI's role in defeating plaintiffs' tender offer by means of its purchase of certain real estate disposed of by Terrydale Realty Trust ("Terrydale" or the

"Trust").[1] But the Court's Opinion rejected all of the federal claims that charged that the sale itself violated the Act and sustained only the claims that the Trustees (now ex-trustees) had a duty to disclose the personal interest of some of the ex-trustees with respect to the vote to liquidate the Trust and to disclose certain details relating to the true value of the real estate in question. There was no allegation that SFREI knew of or aided in these disclosure failures, and consequently, there was no surviving federal claim against SFREI. Thus, no federal statutory basis for personal jurisdiction existed.

The Court also considered whether New York law provided a statutory basis for jurisdiction. The Court found that the single telephone call to New York allegedly made by a representative of SFREI to arrange a business meeting which was to take place in Toronto did not constitute transaction of business under the New York long arm statute. See N.Y.Civ.Prac.Law and Rules § 302(a)(1) (McKinney).

The Court did not reach the question whether the exercise of jurisdiction over SFREI would offend due process. See World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292–97, 100 S.Ct. 559, 564–67, 62 L.Ed.2d 490 (1980).

Finally, the Court granted plaintiffs leave to replead to "meet the aiding and abetting standard set forth in Rolf [v. Blyth, Eastman Dillon & Co., Inc., 570 F.2d 38, 44–48 (2d Cir.), cert. denied, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978),] and to show that the assertion of jurisdiction over SFREI would meet the constitutional due process requirements." Opinion at p. 845.

The plaintiffs have filed an amended complaint,[2] which SFREI now moves to dismiss for lack of personal jurisdiction and failure to state a claim. The amended complaint alleges certain contacts with New York in addition to the telephone call mentioned above and attempts to implicate SFREI in the federal claims by alleging that SFREI knew of or recklessly disregarded violations of federal securities law. It should be noted here that the amended complaint asserts two new bases for finding federal securities law violations: the ex-trustees stated in their press release that the closing date on the sale of the buildings was February 6, 1981, when in fact it was February 9, 1981; and the ex-trustees incorrectly stated in the press release that the value of the liquidating dividend to shareholders would equal or exceed the value of the tender offer. Amended Complaint at ¶ 44(a–b). SFREI also addresses these new allegations in its motion.

SFREI argues that merely asserting knowledge or reckless disregard of the truth does not suffice to state a claim of aiding and abetting. Under Rolf v. Blyth, Eastman Dillon & Co., Inc., 570 F.2d 38, 48 (2d Cir.), cert. denied, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978), the rendering of "substantial assistance" to the violation is a crucial element of a showing of aiding and abetting. In Rolf, the Court found a defendant had aided and abetted the fraudulent mismanagement of a stock portfolio where the defendant processed many of the securities orders and repeatedly reassured plaintiff of the primary violator's competence, thereby preventing plaintiff from discovering the fraud.

---

1. Terrydale was formerly the nominal defendant in this action. At the time of the January, 1982 Opinion, the plaintiffs in this action were individual shareholders who had attempted a takeover of Terrydale. They subsequently brought suit alleging various securities law violations, charging that the then trustees sold the Trust's assets at distress prices in order to defeat their tender offer. Following these sales, liquidating dividends substantially lowered the value of the stock and the plaintiffs succeeded in purchasing enough additional stock to obtain a majority. Thus, when they again amended the complaint, the original plaintiffs added the Trust as a plaintiff. (The Trust is now in liquidation and is titled Terrydale Liquidating Trust.)

The plaintiffs are now the trustees of the Trust and the defendants who were formerly the trustees will be referred to in this Opinion as the ex-trustees.

2. This complaint is in fact the "Fourth Amended and First Supplemental Complaint," but for simplicity, we will refer to it as the "amended complaint."

■ Here, where all of the alleged federal violations are based only on the failure to include certain information or the inclusion of misinformation in a press release, the substantial assistance must relate to the press release. Yet there are no facts alleged which show any assistance in the preparation or dissemination of this document. The involvement of SFREI in the sale, which may have facilitated the liquidation and the defeat of the tender offer, is not dispositive of this inquiry; indeed, it may furnish nothing more than an alleged motive to aid the ex-trustees. Thus, even if we were to accept as true plaintiffs' allegations of scienter, the lack of substantial assistance to the federal violation would doom the aiding and abetting claim which is a necessary prerequisite to the use of the federal statutory basis for jurisdiction.

Plaintiffs attempt to salvage their federal claims against SFREI by asserting that SFREI's failure to act to disseminate correct information constitutes the requisite assistance. But "inaction can create aider and abetter liability only when there is a conscious or reckless violation of an independent duty to act." *IIT, an Int'l Investment Trust v. Cornfeld,* 619 F.2d 909, 927 (2d Cir. 1980). Plaintiffs argue that SFREI had an independent duty to act because it took the buildings with knowledge that the sale violated the ex-trustees' fiduciary duties to the shareholders and thus became "constructive trustees." But even if a constructive trust existed because of these circumstances, it would not impose any duty beyond a duty to make restitution. 5 Scott, Trusts [3d ed.] § 462.4. Therefore, the attempt to find aiding and abetting liability in SFREI's failure to act cannot succeed.

■ Plaintiffs also seek to base jurisdiction on the New York long arm statute. *See* N.Y.Civ.Prac.Law and Rules § 302(a)(1) (McKinney) (transaction of business). The amended complaint does enumerate additional contacts with New York. Amended Complaint at ¶ 8A (alleging that there were mail and telephone contacts with New York in connection with two agreements which were collateral to the sale of one of the buildings, that SFREI retained a New York law firm to advise it about the sale, and that, as a result of the telephone call mentioned above and prior to the negotiations with SFREI in Toronto, a meeting took place in New York between a representative of an investment bank and one of the ex-trustees). Despite these additions to the complaint, plaintiffs still do not show that their cause of action arises out of a transaction of business in New York, as required by the statute.

Since there is no statutory basis for personal jurisdiction,[3] the Court grants SFREI's motion to dismiss.

SO ORDERED.

---

**3.** Plaintiffs' reference to theories of subject matter jurisdiction as a basis for the assertion of personal jurisdiction is entirely specious.

See "Plaintiffs' Memorandum in Opposition to SFREI" at pp. 16–17.