COWEN & COMPANY, Plaintiff,

v.

Dori MERRIAM, Jerome E. Rosen, Joseph D. Radcliffe and James A. Merriam, Defendants.

COWEN & COMPANY, Plaintiff,

v.

CIRCLE LAND & CATTLE CO., a Colorado Corporation, Jerome E. Rosen, Joseph D. Radcliffe and James A. Merriam, Defendants.

Nos. 88 Civ. 4406 (RPP), 88 Civ. 4439 (RPP).

United States District Court, S.D. New York.

Jan. 29, 1991.

Shanley & Fisher, P.C. by Matthew Farley, New York City, for plaintiff.

Abramovitz, Merriam & Matthews by Theodore H. Merriam, Denver, Colo., Berger & Kramer by Robert Goldstein, New York City, for defendant Circle Land & Cattle Co.

Finkelstein, Thompson & Loughran by Craig Kemmerer, Washington, D.C., Berger & Kramer by Robert A. Goldstein, New York City, for defendant Dori Merriam.

Mark Carton by Mark Carton, San Rafael, Cal., for defendant James A. Merriam.

David Cohen by David Cohen, New York City, for defendant Joseph E. Radcliffe.

Herbert Jacobi by Herbert Jacobi, New York City, for defendant Jerome E. Rosen.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

The facts of this case are fully outlined in this Court's prior opinion dated August 29, 1990, *Cowen & Co. v. Merriam*, 745 F.Supp. 925 (S.D.N.Y.1990). In that opinion and order, the Court granted a motion by defendants Dori Merriam, James Merriam and Circle Land and Cattle Co. to dismiss Counts 9 and 17 of the Second Amended Complaint. *Id.* at 930–31. Plaintiff's Consolidated and Third Amended Complaint ("Complaint") is now before the Court. *See id.* at 926 n. 1. The only claims which remain against defendant Dori Merriam are contained in Count 1 (breach of contract), Count 2 (indemnification), Count 3 (violation of obligation on book account) and Count 6 (nonpayment for purchases) of the Complaint. Dori Merriam now moves pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss Counts 1–3 and 6 for lack of subject matter jurisdiction.[1]

The parties agree that the only issue presented by this motion is whether this Court should exercise pendent-party jurisdiction over the remaining claims against Dori Merriam.[2] For the reasons set forth below, defendant's motion to dismiss is denied.

■ Pendent-party jurisdiction, as distinct from pendent-claim jurisdiction, is "jurisdiction over parties not named in any claim that is independently cognizable by the federal court," *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2006,

---

1. The Court does not have federal question jurisdiction under 28 U.S.C. § 1331 (1988) over Counts 1–3 and 6 because they are grounded in state law.

2. Plaintiff has alleged:
   This Court has subject matter jurisdiction over the claims against defendants Dori Merriam, Circle Land and James A. Merriam under principles of diversity jurisdiction, 28 U.S.C. § 1332 and principles of ancillary and pendent party jurisdiction.

Third Amended Complaint ¶ 8. The claims against Dori Merriam in Counts 1–3 and 6 meet the amount in controversy requirement of 28 U.S.C. § 1332 (1988). Complaint ¶ 9.

However, Dori Merriam asserts that there is not complete diversity between herself and plaintiff because Ian H. Zwicker was and continues to be both a general partner of Cowen & Co. and a California citizen. Finkelstein Aff. dated Oct. 22, 1990 ¶¶ 2–3.

104 L.Ed.2d 593 (1989). *See generally United States v. A & N Cleaners & Launderers, Inc.*, 747 F.Supp. 1014 (S.D.N.Y. 1990) (contrasting pendent-party and pendent-claim jurisdiction).[3] In *Finley*, the Supreme Court fashioned a three-tiered test for pendent-party jurisdiction: (1) whether, under Article III, the Court has power to exercise jurisdiction over the claims; (2) whether Congress in the statutes conferring jurisdiction over the federal claims in the action has expressly or by implication negated the existence of jurisdiction over claims against pendent parties; and (3) whether as a matter of discretion the Court should exercise jurisdiction based on factors of judicial economy, convenience and fairness to the parties. *See 640 Broadway Renaissance Co. Cuomo*, 714 F.Supp. 686, 690 (S.D.N.Y.1989).

Under the first *Finley* factor, the constitutional test is whether plaintiff's federal claims are sufficiently "substantial[ ]", *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), and whether plaintiff's "state and federal claims ... derive from a common nucleus of operative fact" such that plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Id.*

■ Under the first *Finley* factor, the Court plainly has power to exercise pendent-party jurisdiction over Counts 1–3 and 6 against Dori Merriam. Plaintiff's federal claims against the other defendants arise under sections 12(2) and 17 of the Securities Act of 1933 and under section 10(b) of the Securities Exchange Act of 1934. No party disputes the substantiality of these claims. *See, e.g., Campbell v. B.C. Christopher Sec. Co.*, 702 F.Supp. 775, 778 (W.D.

Mo.1988) (applying *Gibbs* to § 10(b) claims). In addition, Dori Merriam does not dispute that plaintiff's state law claims against her stem from a common nucleus of operative fact as the federal claims. Both relate to purchase orders placed with plaintiff by Prestige Investors, Inc., a broker-dealer not a party in this action of which defendant Rosen was a registered representative and defendant Radcliffe was a registered principal. Plaintiff alleges that, acting on the purchase orders placed by Prestige, it purchased shares of Vintage Group, Inc. on the account of Dori Merriam but has never been paid for the purchases. Defendant James Merriam is charged with violating § 10(b) by using the accounts of Dori Merriam and Circle Land and Cattle Co. at Prestige Investors, Inc. to make purchases of Vintage Group stock.

The second *Finley* factor asks whether either of the '33 or '34 Acts expressly or impliedly negates jurisdiction over plaintiff's claims against Dori Merriam. The relevant consideration is whether " 'Congress has addressed itself to the *party* as to whom jurisdiction pendent to the principal claim is sought.' " *See United States v. A & N Cleaners & Launderers, Inc.*, 747 F.Supp. 1014, 1018 (S.D.N.Y.1990) (quoting *Aldinger v. Howard*, 427 U.S. 1, 16, 96 S.Ct. 2413, 2421, 49 L.Ed.2d 276 (1976)) (emphasis in original). The Second Circuit has not ruled directly on this point.[4] On the one hand, Judge Sweet suggests in *Bruce v. Martin*, 724 F.Supp. 124 (S.D. Y.1989), that *Finley* allows a court to exercise pendent-party jurisdiction under any statute except those whose language confers jurisdiction over claims against particular parties. *Id.* at 129 n. 6.[5] *See Bolton*

---

**3.** The exercise of pendent-party jurisdiction is subject to greater constraints than is the exercise of pendent claim jurisdiction. *See Bruce v. Martin*, 724 F.Supp. 124, 127 (S.D.N.Y.1989).

**4.** The Second Circuit has, however, interpreted the grant of jurisdiction in 28 U.S.C. § 1333(1) over "any civil case of admiralty or maritime jurisdiction" as an affirmative grant of pendent-party jurisdiction in admiralty cases. *See Roco Carriers, Ltd. v. M/V Nurnberg Express*, 899 F.2d 1292 (2d Cir.1990). The court's statement in *Staffer v. Bouchard Transp. Co.*, 878 F.2d 638

(2d Cir.1989), that "pendent party jurisdiction apparently is no longer a viable concept," *id.* at 643 n. 5, "can only be considered dicta, particularly in light of the *Roco* court's subsequent analysis of the issue." *A & N Cleaners*, 747 F.Supp. at 1019 n. 9 (S.D.N.Y.1990) (Sweet, J.).

**5.** Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa (1988), provides: "The district courts ... shall have exclusive jurisdiction of violations of this chapter ... and of all suits in equity and actions at law brought to enforce any liability or duty created by this

*v. Gramlich,* 540 F.Supp. 822, 846 (S.D.N.Y.1982) ("No provisions of the 1934 Act explicitly or implicitly negate pendent party jurisdiction."). On the other hand, a growing body of lower court authority in this district holds that federal securities fraud claims including § 10(b) claims will not support pendent-party jurisdiction over other state claims, even when the state claims are for common law fraud. These cases imply a narrower reading of the 1934 Act. *See, e.g., Chamarac Properties, Inc. v. Pike,* No. 86 Civ. 7919, 1990 WL 104022 (S.D.N.Y. July 18, 1990) (Buchwald, Mag.); *Friedman v. Arizona World Nurseries Ltd. Partnership,* No. 86 Civ. 9834, 1990 WL 106970 (S.D.N.Y. July 20, 1990) (Martin, J.); *Griffin v. McNiff,* 744 F.Supp. 1237, 1258 (S.D.N.Y.1990) (Ward, J.); *Landy v. Mitchell Petroleum Technology Corp.,* 734 F.Supp. 608, 625 (S.D.N.Y.1990) (Leisure, J.); *O'Brien v. Price Waterhouse,* 740 F.Supp. 276, 284 (S.D.N.Y.1990) (Leisure, J.); *Shumate v. McNiff,* [1990 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 94,897 (S.D.N.Y. Jan. 23, 1990) (Keenan, J.); *Spier v. Erber,* [1990 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 95,287 (S.D.N.Y. May 24, 1990) (Leisure, J.). This Court finds, applying the second *Finley* factor, that no provision in the Securities Act of 1933 or the Securities Exchange Act of 1934 expressly or impliedly negates jurisdiction over the claims against Dori Merriam.

Finally, applying the third *Finley* factor, the Court must determine whether the assertion of pendent party jurisdiction would be a sound exercise of discretion. *See Bolton v. Gramlich,* 540 F.Supp. 822, 846 (S.D.N.Y.1982). While it may be inconvenient for Dori Merriam, a California resident, to defend claims arising solely under state law in federal court in New York, it would also be inconvenient for plaintiff to litigate these claims separately. Thus the exercise of pendent party jurisdiction in this action would best serve the interests of judicial economy and fairness to the parties, especially since the case is now very close to being ready for trial. *See id.* at 847.

On balance, the *Finley* factors support the exercise of pendent-party jurisdiction over Counts 1–3 and 6 of the Third Amended Complaint against Dori Merriam. Accordingly, defendant Dori Merriam's motion to dismiss is denied.

All counsel are to attend a pretrial conference on Wednesday, February 13, 1991 at 9:00 a.m. in courtroom 302. The final trial conference will be held on Friday, March 22, 1991 at 9:00 a.m. in courtroom 302.

IT IS SO ORDERED.

---

chapter...." The jurisdictional provision of the Securities Act of 1933, 15 U.S.C. § 77v (1988), contains nearly identical language.

One court has gone so far as to suggest in dicta that the court's equity jurisdiction under § 27 is expansive enough to reach pendent parties in any action under the '34 Act. *See First City Nat'l Bank & Trust Co. v. FDIC,* 730 F.Supp. 501, 512 n. 5 (E.D.N.Y.1990) (McLaughlin, J.).