**In re OPTICAL TECHNOLOGIES, INC., Debtor.**

**No. 96–805–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 17, 2001.

John D. Goldsmith, Trenam, Simmons, Kemker, Tampa, FL, for debtor.

## ORDER ON MOTION
## FOR REMOVAL

ALEXANDER L. PASKAY, Bankruptcy Judge.

AFTER NUMEROUS unsuccessful attempts to achieve reorganization under Chapter 11, Optical Technologies, Inc. and its eight affiliates (Debtors) succeeded and the Fourth Amended Plan was confirmed by this Court with the entry of the Order of Confirmation on May 13, 1998. The Confirmed Plan which was a joint Plan of all Debtors, the cases having been substantively consolidated, was driven by a multitude of suits filed against the Debtors by disgruntled owners and operators of independent pharmacies, veterinary clinics and eye care centers who, prior to the commencement of these Chapter 11 cases, leased computerized display boards. The lessors assigned these leases to several leasing companies, among them Finova Capital Corporation (Finova), all of which actively participated in the reorganization process and played a major role in the formulation and consummation of the Confirmed Plan.

Under the Confirmed Plan, Finova, as one of the participating lessors, agreed to discount the past due and accrued lease payments by the lessees and to waive certain defaults. In exchange, the lessees who did not opt out and elected to pursue their claims against the lessors in a multi-district litigation in the U.S. District Court and agreed to be bound by the provisions of the confirmed Plan. Specifically, lessees the defendant named in this adversary proceeding commenced by Finova agreed to remain bound by the terms of the original leases as modified. (Confirmation Order at Page 19, Paragraph 16(ii)). The Confirmation Order further provided that the lessees and guarantors of these leases released all claims and defenses against the participating lessors, including Finova. The Confirmation Order permanently enjoined these lessees from pursuing all lease-related claims and defenses against Finova. (Confirmation Order at page 19, Paragraph 16(iv)). In addition, the Confirmation Order permanently enjoined the lessee defendants from "commencing or continuing any action in any manner in any place that does not comply with or is inconsistent with the provisions of the Fourth Amended Plan or the Confirmation Order." (Confirmation Order at page 23, Paragraph 22). The Order of Confirmation expressly retained jurisdiction of this Court for the purpose of, among other things, enforcing the releases and the injunction provision of the Order of Confirmation. (Confirmation Order at page 29, Paragraph 45).

The group of defendants named in this adversary proceeding defaulted on the assumed leases and Finova sued these defendants in the Circuit Court of Jefferson County in Alabama, Case No. CV–00–6169–NDR and sought to recover monies claimed to be owing under the terms of the assumed eases of which was determined by the Order of Confirmation. Virtually all defendants named in the Complaint responded to the Complaint. In due course Finova filed a Motion for Summary Judgment and in opposition of the motion the

lessees and guarantors of these leases asserted that the Order of Confirmation of the Fourth Amended Plan is unenforceable because this Court has no subject matter jurisdiction to determine their rights and obligations under these leases and in any event this Court has no jurisdiction over them. In support of these assertions, the group of approximately 70 lessees and guarantors of these leases contended in the Alabama suit that under Alabama law they can collaterally attack the Order of Confirmation which has no res judicata effect because this Court exceeded its jurisdiction when it purported to adjust the rights of Finova and the non-debtor defendants, citing *Zickler v. Shultz,* 603 So.2d 916 (Ala.1992), a decision by the Supreme Court of Alabama. Based on this, approximately 70 defendants in the Alabama suit intend to challenge to assert all defenses and also file a counterclaim against Finova.

Finova, having been faced with the possibility that the protection sought to be accomplished by the Order of Confirmation might be of no avail and evaporate, filed in this Court a "Motion for Removal." This is the matter presently submitted to this Court in which they contend that this Court should be the forum to pursue its suit against the Defendants named in the Alabama Circuit Court. Finova contends that so long this suit remains in the Circuit Court of Jefferson County Alabama in reliance of the decision of the Alabama Supreme Court in *Zickler v. Shultz, supra,* it will likely succeed and prevail in their defense that this Court lacked jurisdiction over the lessees or the guarantors of the leases that the Order of Confirmation entered in these substantially consolidated Chapter 11 cases has no res judicata effect thus the Defendants may attack collaterally the Order of Confirmation.

Based on the foregoing, Finova contends that unless this suit is removed to this Court, the enforcement of this Court, relief granted to the participating lessors by the Order of Confirmation, would be undermined and Finova would be deprived of substantial federal precedents prohibiting collateral attack of a final order of the bankruptcy court, citing *Celotex Corp. v. Edwards,* 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); *Monarch Life Ins. Co. v. Ropes & Gray,* 65 F.3d 973 (1st Cir. 1995); *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987). Finova contends that under the All Writs Statute, 28 U.S.C. § 1651, this Court may remove an "otherwise nonremovable state court case in order to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *In re "Agent Orange" Prod. Liab. Litig.,* 996 F.2d 1425 (2nd Cir.1993); *Yonkers Racing Corp. v. City of Yonkers,* 858 F.2d 855 (2nd Cir.1988).

 The suit pending in Alabama is clearly a noncore civil proceeding and not even related to a Chapter 11 case being a suit by Finova, a nondebtor entity, against the Defendants, also nondebtors. The suit is an action for breach of these leases and seeks money damages for monies due from the defendants to Finova for nonpayment of the lease payments as modified by the Plan of Reorganization. The Joint Plan of Reorganization has been confirmed and it appears it has been substantially consummated and these Debtors are no longer engaged in the operation of any business. This being the case, this Court clearly would not have jurisdiction over the breach of lease claims asserted by Finova in the Circuit Court in Jefferson County, Alabama.

 However, the defenses asserted by the Defendants clearly implicate this Court's Order of Confirmation and without doubt represents a frontal collateral attack of the validity of this Court's power to

enforce the relevant provisions of the Order of Confirmation. It is elementary that all federal courts have jurisdiction to enforce their own orders. *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Royal Ins. of Am. v. Quinn-L Capital Corp.,* 3 F.3d 877 (5th Cir.1993); *Lee v. Hunt,* 631 F.2d 1171 (5th Cir.1980), *cert. denied* 454 U.S. 834, 102 S.Ct. 133, 70 L.Ed.2d 112 (1981). The courts have uniformly held that this jurisdiction includes the power to declare and determine the scope and effect of an order entered in a prior bankruptcy proceeding and the ability to rule on the legality of plan provisions and releases and injunctions which may be the part of a confirmed plan. *In re Pub. Serv. Co. of New Hampshire,* 148 B.R. 702 (Bankr.D.N.H.1992); *In the Matter of Specialty Equip. Cos.,* 3 F.3d 1043 (7th Cir. 1993).

Ordinarily, controversies concerning the effect and scope of orders entered by the bankruptcy court in an already closed case or usually in a confirmed but still pending and open in the very court which issued the order. This could be established by commencing an adversary proceeding by filing a complaint for declaratory and injunctive relief. In the present instance it is presented by a Motion for Removal. The Motion is not filed under the removal statute, 28 U.S.C. § 1452. Under this Statute, only those civil proceedings can be removed over which the district court would have had jurisdiction. As noted earlier, the suit sought to be removed is a suit by Finova based on breach of the leases involved, and it is questionable if the district court had diversity jurisdiction and in turn would be subject under 28 U.S.C. § 157(a) to the jurisdiction of this Court. Thus, the Motion for Removal should be denied without prejudice unless the removal is appropriate under the All Writ Statute relied on by Finova.

The All Writ Statute, 28 U.S.C. § 1651 provides in subclause (a), that "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 151 designates the bankruptcy courts established in each judicial district. Clearly the creation of the bankruptcy court is pursuant to "Act of Congress" therefore the bankruptcy court may use the All Writ Statute, 28 U.S.C. § 1651, in aid of their respective jurisdictions. The power of a bankruptcy court to protect by injunction the subject matter of its jurisdiction is inherent in the court as a virtual court of equity and existed as well by virtue of this Section. *In re International Power Securities Corp.,* 170 F.2d 399 (3rd Cir.1948). This case was decided pre-Code and is further fortified by the enactment of § 105 of the Bankruptcy Code which is basically identical to the All Writ Statute.

The suit filed by Finova is based on breach of leases and seeks money damages for the unpaid lease payments. Viewing the suit filed by Finova in a vacuum, there is no doubt that the District Court, and in turn this Court, has no jurisdiction over the suit filed by Finova based on a breach of these leases. Thus, the removal would not be appropriate unless this Court has jurisdiction under the doctrine of pendent jurisdiction. Under this doctrine, the court may entertain claims not otherwise properly before the court when the claim arises out of a common nucleus of operative facts. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Several courts exercised pendent jurisdiction relying on *Gibbs* because of their concerns with conserving judicial resources and avoiding multiple litigations. *Almenares v. Wyman,* 453 F.2d

1075 (2nd Cir.1971), *cert. denied* 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809 (8th Cir.1969); *Wilson v. American Chain & Cable Co.*, 364 F.2d 558 (3rd Cir.1966); *Campbell v. B.C. Christopher Sec. Co.*, 702 F.Supp. 775 (W.D.Mo.1988).

This Court is not unmindful of the 1989 decision of the Supreme Court in *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). In *Finley*, the Supreme Court distinguished pendent party jurisdiction from the more liberal pendent claim jurisdiction and the Court held that the original claim of the plaintiff in *Finley* and the one it wanted to add was factually similar. This was of no consequence since neither the convenience of the litigants nor consideration of judicial economy can suffice to justify the extension of the doctrine of ancillary jurisdiction, citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

Thus, while it appears that the continuing vitality of *Gibbs* has been considerably eroded if not nullified by *Finley*, this Court is satisfied that the controversy in the present instance involves fundamental values of federal jurisdiction and the Motion is not based on convenience of the parties or judicial economy but on the preservation of the integrity of this Court, its power to enforce its own orders and assure that the resolution of the scope and validity of the Order of Confirmation is not compromised. It appears that with the suit pending in the Circuit Court bankruptcy system, this is exactly what might happen. Such a result would have far reaching consequences and it is totally unacceptable.

Based on the foregoing, this Court is satisfied that the Motion of Finova is well taken.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Removal be, and the same is hereby, granted and Finova shall undertake the proper steps to remove the litigation now pending in the Jefferson County Circuit Court against the defendants named to this Court for the limited purpose of determining the scope, extent and validity of the protection granted to Finova and other participating lessors by the Order of Confirmation.